193 F.3d 836 (4th Cir. 1999)
 JOSEPH ROWE, JR., Petitioner,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondents.
 No. 96-2572 (94-2264).
 UNITED STATES COURT OF APPEALS, FOR THE FOURTH CIRCUIT.
 Argued: March 2, 1998.
Decided: October 7, 1999.
 
 On Petition for Review of an Order of the Benefits Review Board.
 COUNSEL ARGUED: John Harlow Klein, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia, for Petitioner. Benjamin McMullan Mason, MASON & MASON, P.C., Newport News, Virginia, for Respondents. ON BRIEF: Matthew H. Kraft, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia, for Petitioner. Melissa R. Link, MASON & MASON, P.C., Newport News, Virginia, for Respondent Newport News Shipbuilding.
 Before WIDENER and MURNAGHAN, Circuit Judges, and HILTON, Chief United States District Judge for the Eastern District of Virginia, sitting by designation.
 Petition for review denied by published per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Claimant Joseph W. Rowe appeals from a denial of his claim for an increase in his compensation for permanent partial disability under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901-50. We affirm.
 
 
 2
 On February 20, 1991, the parties stipulated, in relevant part, to the following facts:
 
 
 3
 1) That on March 19, 1985, Rowe injured his right knee arising out of or in the course of his employment with Newport News Shipbuilding and Dry Dock Company.
 
 
 4
 2) That at the time of the injury, Rowe's average weekly wage was $536.76, yielding a compensation rate of $357.84 per week.
 
 
 5
 3) That Rowe was temporarily totally disabled from March 24, 1985 through April 7, 1985; March 5, 1986 through May 11, 1986; May 31, 1989 through August 21, 1989; and May 14, 1990 through September 8, 1990.
 
 
 6
 4) That in 1991 Rowe was compensated for a forty percent permanent partial disability for loss of use of the right leg, a compromise between a rating of fifty percent disability by Dr. Helmuth W. Trieshmann Jr., Rowe's doctor, a rating of thirty percent disability by Dr. Robert S. Neff, the company's doctor.
 
 
 7
 Since the parties entered the agreement that resulted in compensation for forty percent permanent partial disability, Rowe claims that the economic impact of his injury has worsened. After surgery to his knee in May 1989 and May 1990, Rowe was given light duty assignments as a production planner at the shipyard, but was laid off in March 1992. Subsequently, he worked as a superintendent for the Bradford Corporation. He left that job in April 1993, after six months, due to a heart disorder. Rowe then was a maintenance worker at the Vickie Villa motel, but was laid off in October 1993. Thus, he filed a claim for additional benefits under LHWCA based on the economic effects of his injury.
 
 
 8
 A full hearing was held before an Administrative Law Judge on October 19, 1993. On March 21, 1994, the ALJ issued a Decision and Order in which he denied Rowe's claim for additional disability benefits based on economic factors. In addition, the ALJ found that there was no medical evidence from which to conclude that the extent of Rowe's permanent partial disability had increased.* Rowe filed a timely appeal to the Benefits Review Board. The decision of the ALJ was affirmed by operation of Public Law 104-134. A petition for review was timely filed in this court, and we have jurisdiction pursuant to 33 U.S.C. § 921(c).
 
 
 9
 The issue in this case is whether an injured claimant under LHWCA may base his claim on economic factors when awarded compensation for a scheduled disability as set forth in the Act under 33 U.S.C. § 908(c)(1-20). This court addressed this same question in Gilchrest v. Newport News Shipbuilding and Dry Dock Co., 135 F.3d 915 (4th Cir. 1998). In that case, the claimant injured his hands, and an order was entered by the Director of 10% permanent partial disability in each hand, a scheduled injury. Thereafter he claimed loss of wage earning capacity and sought increased benefits for that under LHWCA for the scheduled injury. Similar to the present case, the ALJ, affirmed by the Board, determined that under Potomac Electric Power Co v. Director, OWCP (PEPCO), 449 U.S. 268 (1980), he could not account for economic factors in calculating disability benefits when the medical impairment falls within the schedule provided in the statute at § 908(c)(1-20).
 
 
 10
 On review, the claimant asserted that the ALJ erred by not considering loss of economic wage earning capacity in denying his claim for increased benefits. We denied the petition for review in that case. In PEPCO, the Supreme Court clarified the distinction between scheduled injuries, for which the claimant is limited to the compensation provided in the statutory schedule, and injuries outside the schedule, for which § 908(c)(21) provides a potentially higher recovery by incorporating economic factors. PEPCO, 449 U.S. at 274. Thus, we held that the PEPCO decision precluded an increase in compensation, based on economic factors, beyond that provided in the permanent partial disability schedule of Section 908(c).
 
 
 11
 We can find no meaningful distinction between the facts of the case presently before the court and those in Gilchrest. The petition for review is accordingly
 
 
 12
 DENIED.
 
 
 
 Notes:
 
 
 *
 Dr. Trieshmann sent a letter to Rowe's counsel in June 1992 stating, in pertinent part, that: "it is my opinion that his condition has not deteriorated since the rating in October 1990." Then, in June 1993, Dr. Trieshmann similarly found that there had been no further deterioration in Rowe's condition. This second issue has not been appealed.